No. 47—ROBERT M. WALKER, ex'r. of JOHN WALKER, plaintiff in error *vs.* JOEL WALKER, defendant in error.

[1.] The answer of a defendant to a bill of discovery, must be full and perfect to all the material allegations in the bill. A general denial of the matters charged is not sufficient; there must be an answer to the sifting inquiries upon the general subject. And whenever there are *particular* and *precise* charges, they must be answered *particularly* and *precisely*, and not in a general manner.

[2.] Injunction bills may be amended so as to insert additional facts, relating to the same subject matter or contract which existed prior to filing the bill, by leave of the court, without prejudice to the injunction.

In Equity. From Henry Superior Court. Bill and answer and exceptions to answer, and motion to amend bill overruled. Before Judge FLOYD. April Term, 1847.

This was a bill in equity for discovery and injunction, brought by the plaintiff in error against the defendant in error, in the Superior Court of the county of Henry.

The bill alleges that John Walker, the plaintiff's testator, in his life time, on the 23d day of March, 1840, borrowed from the defendant the sum of $1600 00, at usurious interest of twenty-five per cent., giving his note with security therefor, for the sum of *two thousand dollars*, to fall due 23d March, 1841, being one year after the loan. That he renewed at 16 per cent., by giving a note with security for the amount of said note, with the usury, for the sum of $2320 00. That he again renewed at 16 per cent., and gave his note upon said renewal for the sum of $2691 20, to fall due on the 23d March, 1843. When this note fell due, no part thereof was paid, but it was taken up and a new note given therefor for the same amount, due and payable on the 25th day of December thereafter, with interest from the 25th day of December preceding; but if the principal sum be paid punctually, the interest to be remitted. Upon the note, John G. Tyus and B. F. Tucker were given as securities, besides a mortgage upon divers slaves. The said testator having failed to pay the note at maturity, the defendant in error proceeded to foreclose the mortgage, by affidavit before a justice of the Inferior court, in terms of the statute in such cases; and a mortgage execution was accordingly issued, which was levied upon part of the property mortgaged; and on the 3d day of June, 1845, the same was sold for $1350 00, and on

the 14th April, 1846, the complainant paid to the defendant in error the sum of $250 00.

Afterwards, in March, 1846, the mortgage *fi. fa.* was levied upon one of the slaves mentioned in the mortgage, and in April afterwards, the complainant, proceeding under the statute in such cases, filed an affidavit of illegality against the same, alleging that the whole amount of principal and interest purporting to be due on said mortgage *fi. fa.*, consisted entirely of usury; which was returned before the Inferior court of the county of Henry, and the issue thereon made, was tried by a jury, who, after hearing the evidence, rendered a verdict, finding the issue for the plaintiff in error; from which verdict the defendant in error appealed; and the said issue is pending.on the appeal in the Court below. The bill further alleges, that it is necessary to resort to the conscience of the defendant in error, to assist complainant in establishing his said defence of usury, believing that *he cannot otherwise prove the exact amount of the original loan, the rate of interest to be paid thereon, nor the terms of each renewal.* The bill then concludes with a prayer for discovery and injunction.

The defendant in error filed an answer, and as respects the discovery sought, alleges that "It is not true that the note for which the mortgage was given, was given for the considerations charged in the bill, to wit, for the loan of sixteen hundred dollars, or other large sum, at the usurious rate of interest of twenty-five per cent., or other large usurious rate of interest; which said note was, as alleged in said bill, renewed in 1841, at the rate of sixteen per cent. per annum, or other usurious rate of interest; which was again renewed in 1842, at sixteen per cent. or other large usurious interest, and again renewed as charged, in 1843. This defendant totally denies all such allegations and charges, and says that they are untrue and unfounded, every and each of them; and he states the whole transaction connected with the note in controversy, to be this, and none other. Sometime between the months of March and May, 1843, John Walker, the complainant's testator, wished to borrow somewhere about the sum of twenty-five hundred dollars, as well as recollected, which this defendant agreed to lend him, provided he would make the debt secure beyond doubt; and to do so, he required that John G. Tyus and Tucker should sign the note as securities, and that said testator should give this defendant in addition to said securities, a mortgage upon the negroes mentioned. This was agreed to, and the money was loaned at

eight per cent. *per annum,* and at no usurious rate of interest what-
ever. The calculation was made at eight per cent., and if the
interest included in said note amounted to more than eight per
cent. per annum, it was not so intended by this defendant, or the
makers of said note, and was a mistake. This defendant gave to
John. Walker, twenty-five hundred and fifty dollars in cash; he
then took said maker's own note for twelve or fifteen dollars, and
then the note of said Walker, Tyus, and Tucker for the balance,
with lawful interest added, until the 25th December, 1843, making
$2,691 20. This division of notes was made for the accommodation
of the said John, and this defendant reiterates that there was no
usury included in said note, and never intended to be included,
and that the contract between the said John and this defendant
was, that the money should be borrowed at eight per cent. per
annum, and no more, and that both endeavoured to carry out said
contract in good faith, by making the calculation at eight per cent.
per annum. And this defendant further says, that he has in no wise
received more than eight per cent. interest on said loan, nor con-
tracted to receive more, and that he has not received it either
directly or indirectly, by any contract whatever, collateral or other-
wise, but that the loan was made at eight per cent. per annum,
and no more; and that all the interest reserved or intended to be
reserved, was included in said note, and no part of it was either
paid to him, or agreed to be paid to him, either by the said John
Walker, or any one else for him, or them; and each and every
allegation in said bill, which charges said note to have been pred-
icated upon a loan or loans made before, and renewed and
compounded at a usurious rate of interest, is untrue; and this defen-
dant repeats that said note was given as before stated, and for the
purposes as stated, and in the manner as stated, and not otherwise.
This defendant repeats, that he has stated fully, without any reser-
vation whatever, the original loan, the time, the rate of interest,
and each part connected with the transaction, and he denies, most
positively, that the balance of said note is for usury, or that any
part of it is for usury. He denies that there is one cent more in
said note, or ever was, than the principal and lawful interest, unless
it got there by mistake in calculation, which this defendant did not
intend, but sought to avoid, by making the calculation carefully.
This defendant having answered fully" &c.

. To this answer the complainant excepted, on the following
grounds :

1. Because defendant, in said answer, no where admits or denies the allegation in the bill, that "on or about the twenty-third day of March, 1840, the said John Walker, complainant's testator, borrowed of the said Joel Walker, the sum of sixteen hundred dollars, or other large sum, and that it was contracted that the said John Walker should pay the said Joel at and after the rate of twenty-five per cent., or other large and usurious rate of interest on said loan;" and said answer is altogether silent in regard to said loan.

2. Because said answer neither admits nor denies the other and further allegation in the bill, "that on the 23d day of March, 1841, when said original loan became due, or about that time, that no part of the principal or interest was paid, but that it was contracted by and between the said John and Joel that the said Joel should forbear and give day of payment of the said sum of two thousand dollars, or other large sum, until or about the 23d day of March, 1842; and that said John, for giving of time on said sum last aforesaid, should give and pay interest to said Joel, on the said 23d day of March, 1842, at and after the rate of sixteen per cent. per annum, or other large and usurious interest, on said sum of two thousand dollars.

3. Because said defendant, in and by his said answer, has neither admitted nor denied the allegation in the bill, that on the 23d day of March, 1842, when the last mentioned note became due and payable, that no part thereof, principal or interest, was paid; but that it was further contracted between said John and said Joel, that the said Joel should forbear and give day of payment to the said John, of the said sum of twenty-three hundred and twenty dollars, or other large sum, for a year longer; and that said John, for giving as aforesaid, should pay interest to said Joel, on the said 23d day of March, 1843, at and after the rate of sixteen per cent. per annum, or other large and usurious rate of interest, on said sum.

4. Because said answer neither admits nor denies, whether or not said allegations are true or false, or whether any part thereof is true or false, or what part is true and what part false, or how far true, or how far false.

5. Because said defendant, in said answer, neither admits nor denies whether or not, at the time of the giving the note sued on, any part of said original loan, or the subsequent renewals thereof, was paid; and whether or not any thing on said loan or renewed loans, had been paid, or in what way the same or any part thereof

was paid, and who paid it, or who furnished the funds; nor does the answer admit or deny the allegation in the bill, that the note securing said loan, immediately preceding the note in suit, was taken up by said John's giving and substituting the note in suit for the then subsisting note.

6. Because the defendant by his answer has not set forth the amount of the original loan from himself to John Walker, nor the time of that loan, nor the time nor the terms of the first renewal, nor the time nor the terms of the second renewal, nor the rate of interest at each renewal nor on the original loan, nor the time or terms of the last renewal or the interest agreed to be paid.

7. Because said answer is otherwise defective, uncertain, evasive and insufficient."

At the same term, the complainant's solicitors moved to amend the original bill, as follows:

"And your orator expressly charges, that at the time of, or shortly previous to, the giving of the note in suit in this cause, the said John Walker was indebted to the said Joel in the sum of twenty-six hundred and ninety-one dollars and twenty cents, or other large sum; that the consideration of said debt was largely infected and corrupted with usury in its consideration, said consideration consisting of an original loan of sixteen hundred dollars, made by said Joel to said John, in 1840, renewed and compounded at large rates of usurious interest, so that at or about the time of the giving of the note in suit, the same was swelled by said compounded and usurious renewals to the amount or about the amount of the note in suit; and that the said Joel, cunningly and craftily contriving, by fraud, shift, artifice and device to evade the operation of the usury laws, furnished the said John Walker, under cover of a loan, with a sum of money or bank bills sufficient to extinguish said debt, he the said John Walker immediately returning said sum of money to the said Joel, and that the note in suit was thereupon given for said sum, by the said John, to the said Joel. By this shift, artifice and device, or by some other shift, artifice or device, 'the said Joel, as your orator believes, seeks to make it appear, that the note in dispute was given for a loan of about the amount of twenty-five hundred dollars, or other large sum; whereas, in truth and in fact, said note originated out of the said original usurious loan. And your orator prays that said Joel Walker may fully, on his corporal oath, answer the foregoing charges fully and particularly, statement by statement, charge by charge, and paragraph by paragraph, as

fully as if the same were here again repeated, and he thereto interrogated."

On the part of the defendant, a motion was made to dissolve the injunction, &c.

In the Court below, before Judge Floyd, April Term, 1847, the parties were at issue on the foregoing motion to dissolve the injunction, and on the motion of the complainant's solicitors to sustain the aforesaid exceptions to said answer and to amend the bill, and on hearing said motions and the argument thereon, the Court below overruled the exceptions to the answer, and decided that the said answer was sufficient; and also overruled the motion to amend the bill, and sustained the motion to dissolve the injunction; and the bill was dismissed.

To which the counsel for the complainant excepted.

L. J. GLENN, for the plaintiff in error, was allowed to proceed *ex parte.*

No appearance on the part of the defendant in error.

Mr. GLENN submitted the following statement of the points made and authorities cited:

1. The exceptions to the answer of the defendant ought to have been allowed by the Court below; the said answer not being a full and complete response to the allegations charged in the bill. *Cooper Eq. Pl.* 313; *Story Eq. Pl. secs.* 852, 853; 6 *Vesey R.* 792.

2. The amendment offered to the bill should have been received without prejudice to the injunction; the charges therein made being material for the purposes for which the original bill was filed. *Eden on Injunctions,* 149; *Madd. Ch. Pr.* 245; 1 *Johns. Ch. R.* 433; 6 *id.* 81; 3 *id.* 410; *Story Eq. Pl. secs.* 884, 885.

*By the Court.*—WARNER, J., delivering the opinion.

It appears from the record in this cause, that the plaintiff in error filed his bill in the Court below, against the defendant, for discovery, in relation to an usurious contract.

The complainant alleges that his testator, John Walker, on the 23d day of March, 1840, borrowed from the defendant, at usurious interest, the sum of $1,600, and gave his note therefor, with security, for the sum of two thousand dollars, to fall due on the 23d

day of March, 1841, being one year after the date of the note ; that he then renewed the note at 16 per cent., and gave his note with security for $2,320; that he again renewed at sixteen per cent., and gave his note for the sum of $2,691 20, to fall due on the 23d March, 1843 ; that when this last note fell due, the note was taken up and a new note given therefor, for the same amount, due on the 25th day of December thereafter, with interest from the 25th December preceding; but if the principal sum was paid punctually the interest to be remitted. On this last note two securities were given, and a mortgage on several slaves, which has been foreclosed ; and the complainant now seeks a discovery from the defendant as to these various transactions, for the purpose of establishing the fact, that the note which the mortgage was given to secure, is founded on the original *usurious* transaction. The defendant has filed his answer, in which he states, it is not true that the *note for which the mortgage was given,* was given for the consideration charged in the bill, to wit, for the loan of $1,600 at the usurious rate of interest of twenty-five per cent., which said note was renewed in 1841 at sixteen per cent., and again renewed in 1843. The defendant totally denies all *such* allegations and charges.

To this answer of the defendant, the complainant below excepted, which exceptions were overruled by the Court, and the answer held to be sufficient : whereupon the complainant excepted to the decision of the Court below, and now assigns the same for error here. Upon an examination of the allegations made by the complainant, and the answer of the defendant, we are of the opinion that the exceptions to the defendant's answer ought to have been sustained, and the defendant ordered to answer over.

[1.] So far from answering the allegations as required by the rule in such cases, we think the answer is a complete evasion of the most important and material averments in the complainant's bill. The complainant did not charge *that the note for which the mortgage was given,* was given for the loan of $1,600 : the note for which the mortgage was given was for the sum of $2,691 20, being the third renewal of the *original note,* which was given for two thousand dollars for the loan of only $1,600. The case made by the complainant's bill is, that there was a loan of $1,600 on the 23d of March, 1840, at the rate of twenty-five per cent. per annum, and that the complainant's testator executed his note payable 23d of March, 1841, for the sum of $2,000, and which was continued by

renewals, until the 23d March, 1843, when the note which the mortgage was given to secure, was executed.

It will only be necessary to state the rule to show that the answer of the defendant in this case is not in compliance with its requisitions. " An answer must be full and perfect to all the *material* allegations in the bill. It must state *facts*, and not *arguments*. It is not sufficient that it contains a *general denial* of the matters charged, but there must be an answer to the sifting inquiries upon the general subject. It should also be certain in its allegations, as far as practicable. To so much of the bill as it is necessary and material for the defendant to answer, he must speak *directly*, and without evasion; and he must not merely answer the several charges literally, but he must confess or traverse the substance of each charge. And wherever there are *particular precise* charges, they must be answered *particularly* and *precisely*, and not in a *general* manner, though the general answer may amount to a full denial of the charges." *Story Eq. Pl. sec.* 852.

The complainant makes particular and precise charges in relation to the loan of $1,600, in 1840, and the rate of interest, and the various renewals of the notes, down to the time of the execution of the note which the mortgage was given to secure, and is therefore entitled to have from the defendant, a *particular* and *precise* answer to each allegation; not a *general* denial but a *direct* and *specific* answer to *each separate charge*, as the rule requires.

We are of the opinion, that the complainant ought to have [2.] been permitted to amend his bill in the particulars specified, as the proposed amendment related to matters which existed prior to the filing of the same.

" Amending the bill may be useful for various purposes: for the correction of mistakes, or for the suppression of impolitic admissions in the original statements; or for adding new parties; or for inquiring into *additional facts*; or for the further investigation of facts which have been only *partially disclosed*; or for putting in issue new matter stated in the answer. If the plaintiff, after he has filed his bill, finds that he has *omitted to state any matter*, or to join any person party to the suit which he ought to have done, he may supply such defect by amending his bill. Or if, after the defendant has put in his answer, the plaintiff thereby obtains new lights as to the circumstances of his case, he may amend his bill, in order to shape his case accordingly. And in general, any imperfection in the frame of a bill may be thus remedied, as often as occasion

shall require; but the matter introduced by amendment must not be matter which has happened since the filing of the bill, (which is termed new matter,) unless indeed the defendant has not put in his answer, in which case the bill may be amended by adding supplemental matter." *Story Eq. Pl. sec.* 884, 885. The amendment sought to be made by the complainant, relates to the same subject matter as originally charged; it does not make an *entire new case*, but seeks only to introduce *additional facts* to strengthen and support the charge of usury. originally made by the bill, between the same parties, and relating to the *same contract*.

Injunction bills may be amended without prejudice to the injunction, by leave of the court. *Eden on Injunctions*, 88. In *Sharp* vs. *Ashton*, 3 *Vesey & Beam. R.* 144, the answer of the defendant had been referred for impertinence, and the impertinence being expunged, the plaintiff took exceptions, which were allowed ; the plaintiff then amended, and obtained an order that the defendant should answer the amendment and exceptions together. As the defendant in this case must answer the exceptions, he can at the same time answer the amendment, and there will be no delay. The order for amendment will be made without prejudice to the injunction. Let the judgment of the Court below be reversed.